Green, J.
delivered the opinion of the court.
In this case an execution was issued against Atkinson for about $180, and was levied on a negro girl as his property. Cobb claimed title to the negro, and became security to the sheriff for the delivery, according to law, on the day of sale. The negro was not delivered, and the execution having been returned, with the forfeited delivery bond, an execution was issued against Atkinson and Cobb for the amount. Cobb, thereupon filed his petition for a supersedeas, which was granted him. The petition alledged the existence of the execution against Atkinson, the levy on the negro girl, the execution of the delivery bond by himself as the security for Atkinson; and states, that an execution had been improperly issued against himself and Atkinson, without any judgment against him, and had been levied on a negro boy belonging to him. The petition states, that the negro girl, was in the power of the sheriff on the day of sale, but he states that if he had delivered her to the sheriff, he would have done an illegal act, as she was not the property of Atkinson.
The plaintiff in the execution, moved, at the first term, to dismiss the petition, which was done by the court; from which judgment this appeal is prosecuted.
*60 It is now insisted by Cobb’s counsel, that the execution against him should have been quashed on his motion, because the return upon it was insufficient to justify the levy on his negro boy. The motion first in order was, that made by Rhea, to dismiss Cobb’s petition and supersedeas. - The petition was clearly defective on the face of it, as it does not assert that the negro girl was delivered to the sheriff on the day of sale. It states that she was in the power of the sheriff, but it also states that if he had delivered her, he would have done an illegal act, thereby rendering it manifest, that she was not delivered. As the bond was forfeited, the law. authorised an execution to be issued against the original execution debtor, and the surety in the delivery bond. The petition, therefore, contains no statement which authorised the supersedeas, and was properly dismissed.
The defendant, Cobb, insists, that as he is only surety in the case, it was the duty of the sheriff to levy the fi. fa. against himself and- Atkinson, upon the negro girl as Atkinson’s property, and not on his negro boy, because the law requires that the property of the principal shall be first exhausted, and not having done so, the execution should be quashed. In the first place, Cobb has no right to assert here, that the gild is the property of Atkinson. Throughout his petition, he maintains that she is his own property, and that she was improperly levied on as the property of Atkinson. And if she belongs to him and not to Atkinson, there is no reason why she should be levied on instead of the boy. It is no argument to insist, that as the sheriff had once regarded the girl as Atkinson’s property, and had levied on her as such, he must continue so to regard her. It may be that he believed her to be the property of Atkinson, when he levied his execution; but the subsequent claim set up by Cobb, may have satisfied him that she belongs to him. But, be that as it may, Cobb has no right to require that this girl shall be levied on as the property of Atkinson, in the face of his own recorded assertion, that she belongs, not to Atkinson, but to himself.
But the act of the Assembly that-requires the sheriff to exhaust the property of the principal in the execution, before the *61 property of the security shall be taken, is only directory to the officer. If he disregards this direction, and thereby the surety is injured, the officer is liable in damages to the party aggrieved, but the execution and sale of the property of the surety will be good and valid, notwithstanding the principal has property that might have been seized. It is insisted the application to amend the sheriff’s return, (having been made after the motion to quash,) came too late, and that the amendment was improperly allowed.
In cases when the sheriff is no party, he may be allowed to amend his return at any time, so as to state the truth of the case. No injury can accrue by permitting a return to be amended under such circumstances. The officer is ñnder no temptation to make a false return, as would be the case if a proceeding had been commenced against himself.
The court did not err in allowing the amendment to be made, and refusing to quash the execution.
Affirm thejudgment.